JANVIER, Judge.
Plaintiff, Samuel P. Griffin, a dragline operator employed by Jahncke Service, Incorporated, sustained a minor injury on September 6, 1955, when his foot slipped from the brake pedal of the machine which he was operating, and his left heel was slightly injured. He was given medical treatment by the defendant and, on September 15, 1955, was discharged as able to return to his former employment; this discharge to be effective September 19, 1955. He did not return to work for the defendant, but obtained employment driving a dump truck for another employer, and continued at such work during the year which followed the slight injury which he had sustained while working for the Jahncke Company.
On September 5, 1956, one day before the expiration of the year following the accident, Griffin brought this suit for compensation against his former employer, seeking judgment for $30 per week for 300 weeks. He also prayed for judgment for additional medical expenses and for the allowance of a fee of the medical expert.
Defendant answered, denying that the plaintiff was to any extent disabled after *126 his discharge, and praying for a dismissal of the suit.
There was judgment awarding plaintiff compensation at the rate of $30 per week from September 6, 1955; for medical expenses in the sum of $115, and taxing as costs the fee of a medical expert which was fixed at $75. From this judgment defendant has appealed.
Plaintiff did not answer the appeal and counsel state that they concede that no disability existed after March 14, 1956, as found by the District Judge.
Except for the opinion of one expert, who stated that plaintiff is permanently totally disabled, there is nothing whatever in the record which would serve to convince us of any disability beyond September 19, 1955, and that, accordingly, he could have returned to work on September 20, 1955, had he been willing to do so.
He was paid compensation during that short period of disability and all medical experts were paid also, except the expert who testified on his behalf.
Since the District Judge refused to accept the opinion of that expert, which was to the effect that plaintiff was permanently totally disabled, we fail to understand on what he based his opinion that plaintiff was disabled beyond September 19, 1955. We feel that either he was able to return to work on September 20, 1955, in accordance with the medical experts who discharged him, or that he was totally permanently disabled as testified to by his expert. Since we are completely unwilling to accept the testimony of his expert, as was the District Judge, we think that his disability terminated September 20, 1955. And since he has received all compensation due up to that time, and all medical expenses have been paid by the defendant, we find no reason to allow further compensation or to allow the taxing against the defendant of further medical or expert’s fees.
The judgment appealed from is annulled, avoided and reversed and plaintiff’s suit is dismissed at his cost.
Reversed.